# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TONYA DALHAUS,<br>    Plaintiff,<br><br>v<br><br>ARROW FINANCIAL SERVICES, LLC,<br>and HOWARD LEE SCHIFF, PC<br>    Defendants. | )<br>)<br>)<br>)<br>)       No.<br>)<br>)<br>)<br>)     JURY TRIAL DEMANDED<br>) |

## **COMPLAINT**

NOW COMES the Plaintiff, TONYA DALHAUS, by and through her attorneys, KIMMEL & SILVERMAN, PC, for her complaint against the Defendants, ARROW FINANCIAL SERVICES, LLC. and HOWARD LEE SCHIFF, PC., Plaintiff states as follows:

## I.    **JURISDICTION & VENUE**

1.    This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendants conduct business within the Commonwealth of Massachusetts and

PLAINTIFF'S COMPLAINT

therefore, personal jurisdiction is established.

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

5.    Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## II.    PARTIES

6.    TONYA DALHAUS, (hereinafter, "Plaintiff") is an individual who was at all relevant times a resident of Andover, Massachusetts.

7.    ARROW FINANCIAL SERVICES, LLC, (hereinafter, "ARROW") is a business entity engaged in the collection of debts and incorporated in the State of Illinois with a business address located at 5996 W. Touhy Avenue, Niles, IL, 60714.

8.    HOWARD LEE SCHIFF, PC., (hereinafter, "SCHIFF") is a business entity engaged in the collection of debts and incorporated in the Commonwealth of Massachusetts with a business address located at 340 Main Street, Suite 959, Worcester, MA 01608.

9.    At all relevant times, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

10.    At all relevant times, Defendant ARROW, acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Defendant.

11.    At all relevant times, Defendant SCHIFF, acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Defendant.

PLAINTIFF'S COMPLAINT

### III.   PRELIMINARY STATEMENT

12.    The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

13.    In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

14.     In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a.  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers.  15 U.S.C. § 1692b.

15.     Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## IV.   ALLEGATIONS

16.     At all pertinent times hereto, Defendant was hired to collect a debt allegedly owed to a third party.

17.     The alleged debt at issue arose out of transactions that were primarily for personal, family or household, purposes.

18.     Beginning on or around May 2009, Defendants ARROW and SCHIFF, and their employees, engaged in debt collection activities seeking payment from Plaintiff.

19.     On or around May 19, 2009, Defendant SCHIFF mailed a letter to Plaintiff that sought payment for a debt allegedly owed to "Arrow Financial Services, LLC" for $2,296.22. (*See Plaintiff's Exhibit A*). Plaintiff disputes that the debt is owed.

- 4 -

20.     On or around June 26, 2009, Defendant SCHIFF mailed a second letter to Plaintiff that sought payment for a debt allegedly owed to "Arrow Financial Services, LLC", which Plaintiff disputes is owed. (*See Plaintiff's Exhibit B*).

21.     Plaintiff never contracted with any company by the name of "Arrow Financial Services, LLC" or "Howard Lee Schiff, PC" or agreed to any obligation for an "Arrow Financial Services, LLC" or "Howard Lee Schiff, PC".

22.     Defendant ARROW, its agents and employees, engaged in debt collection activities seeking payment from Plaintiff by contacting her at home and on her cell phone, in an attempt to collect the alleged debt.

23.     Defendant, ARROW'S calls were made to telephone numbers (603) 969-9775 and (781) 968-5249.

24.     Defendant, ARROW, by and through its employees harassed Plaintiff by calling her and stating "that she would get in trouble if she didn't pay this debt" and "if you can afford a cell phone then you can afford to pay this bill".

25.     Plaintiff told Defendants, ARROW & SCHIFF, to stop contacting her; however, Defendants ignored Plaintiff's instructions and continued to contact her.

26.     Plaintiff disputes owing this debt.

27.     The statute of limitations has expired. *See M.G. L. Title V, Ch. 260 §2.* The statute of limitations for open credit accounts in the Commonwealth of Massachusetts is 6 years.

28.     Defendant, SCHIFF, failed to disclose through its correspondence to Plaintiff that the alleged subject debt is judicially unenforceable once the applicable statute of limitations expires.

- 5 -

29.    Defendant, SCHIFF, failed to disclose through its correspondence to Plaintiff that the expiration of the applicable statute of limitations limits judicial remedies available to enforce the alleged subject debt.

30.    In addition, Defendant SCHIFF, through correspondence, seeks to obtain from Plaintiff a waiver of legal rights related to the alleged subject debt without disclosing the nature and consequences of such a waiver, and without informing Plaintiff that she is not legally obligated to make such a waiver.

31.    Defendant SCHIFF, solicits from Plaintiff a new contract whereby a simple acknowledgement, promise, or certain payment is insufficient to create the contract sought by Defendant.

32.    The contract solicited by Defendant, SCHIFF, extinguishes any then-existing defenses such as the expiration of the 6 year statute of limitations, which Plaintiff may possess in regard to the subject debt.

33.    The least sophisticated consumer does not possess the knowledge or understanding that cooperation in accord with Defendants' request waives any right to assert a defense to the subject debt based upon applicable statutes of limitations and extends Defendant's ability to judicially enforce the subject debt and provides Defendants additional judicial remedies which would be otherwise non-existent.

34.    Defendants' separate efforts to obtain from Plaintiff a waiver of legal rights benefiting Defendants' related to the alleged subject debt without disclosing the nature and consequences of such a waiver, and without informing Plaintiff that she is not legally obligated to make such a waiver, constitutes unfair or unconscionable means to collect or attempt to collect the alleged subject debt in violation of 15 U.S.C 1692f.

- 6 -

35.    On at least one occassion, Defendants used false, misleading and deceptive means in connection with the collection of an alleged debt.

36.    Defendants have reported this alleged debt as unpaid to a credit bureau and it appears on Plaintiff's credit report.

## V.    CONSTRUCTION OF APPLICABLE LAW

37.    The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

38.    The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C § 1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

39.    The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3d Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and

-7-

the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
*(Violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. against both Defendants)*

40.     In its attempts to collect the debt allegedly owed by Plaintiff, Defendants violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

      a.  Defendant violated the FDCPA §1692d, when it engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt;

      b.  Defendant violated the FDCPA §1692d(5), when it caused a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass, in connection with the collection of an alleged debt;

      c.  Defendant violated the FDCPA §1692e, when it used false, misleading and deceptive means in connection with the collection of an alleged debt;

      d.  Defendant violated the FDCPA §1692e(2), when it falsely represented the character, amount or legal status of the alleged debt;

      e.  Defendant violated the FDCPA §1692e(3), when it made false representations or implications that an individual is an attorney or that any communication is from an attorney;

      f.  The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action

is lawful and the debt collector or creditor intends to take such action in violation of the FDCPA §1692e(4);

g.  The threat to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. §1692e(5);

h.  Defendant violated the FDCPA §1692e(7), when it implied that the Plaintiff committed any crime or other conduct in order to disgrace the Plaintiff;

i.  Defendant violated the FDCPA §1692e(8), when it threatened to communicate Plaintiff's credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed;

j.  Defendant violated the FDCPA §1692e(10), when on its own or through its agents and assigns, used false representation or deceptive means to collect the debt;

k.  Defendant violated the FDCPA §1692e(11), when it failed to disclose that debt collector is attempting to collect a debt and that any information obtained will be used for that purpose;

l.  Defendant violated the FDCPA §1692f, through its agents and employees, by using unfair and deceptive means to collect a debt;

m.  Defendant violated the FDCPA §1692f(1), for adding fees, charges and expenses not expressly authorized by an agreement with Plaintiff;

n.  Defendant violated the FDCPA §1692g and §1692g(a), when it failed to validate the debt within 5 days after the initial communication send the Plaintiff written notice containing the amount of debt, name of creditor, etc.; and

o.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

## VI.    JURY DEMAND

41.   Plaintiff hereby demands a trial by jury on all issues so triable.

PLAINTIFF'S COMPLAINT

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TONYA DALHAUS, by and through her attorneys, respectfully pray for judgment as follows:

a.   All actual compensatory damages suffered;

b.   Statutory damages of $1,000.00 for each violation;

c.   Plaintiff's attorneys' fees and costs; and

d.   Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

Date:  April 16, 2010                By:   /s/ Craig Thor Kimmel
                                           Craig Thor Kimmel
                                           Attorney ID # 57100
                                           Kimmel & Silverman, P.C.
                                           30 E. Butler Pike
                                           Ambler, PA 19002
                                           Phone: (215) 540-8888
                                           Fax: (215) 540-8817
                                           Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT